**Mariano RAMIREZ–PABLO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–72251.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 28, 2012.

Adolfo Ojeda–Casimiro, Ojeda Law, Du-vall, WA, for Petitioner.

Oil, Imran Raza Zaidi, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Mariano Ramirez–Pablo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039 (9th Cir.2010). We deny the petition for review.

Ramirez–Pablo does not challenge the BIA's conclusion that he conceded his claim for asylum was time-barred. Accordingly, we deny his asylum claim.

Substantial evidence supports the agency's adverse credibility determination based on the omission from Ramirez–Pa-blo's written application of the assault and based on the inconsistency between his testimony and his application regarding whether his father was killed. *See Zamanov v. Holder,* 649 F.3d 969, 973–74 (9th Cir.2011) (omission of incidents of arrest and mistreatment went to core of alleged fear); *Shrestha,* 590 F.3d at 1048 (adverse credibility finding reasonable under totality of circumstances). Further, the agency was not compelled to accept Ramirez–Pablo's explanations for these discrepancies. *See Zamanov,* 649 F.3d at 974. Accordingly, in the absence of credible testimony, Ramirez–Pablo's withholding of removal claim fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, Ramirez–Pablo's CAT claim fails because it is based on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to Guatemala. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.